### J. A. JENNINGS V. THE STATE.

#### No. 1861.   Decided June 5, 1912.

**1.—Assault to Rape—Continuance.**

There being no bill of exceptions to the ruling of the court refusing a continuance, the matter can not be revised on appeal.

**2.—Same—Bill of Exceptions—Undue Influence.**

In the absence of a bill of exceptions, the complaint that the prosecuting witness was persuaded to testify against the defendant by the undue influence of her mother, wife of defendant, the matter can not be considered on appeal.

**3.—Same—Newly Discovered Evidence—Statement of Facts.**

In the absence of a statement of facts the matter set up as newly discovered evidence, can not be considered on appeal.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to rape upon a girl under fifteen years of age, his punishment being assessed at two years confinement in the penitentiary.

There are several questions presented in the motion for new trial, but the statement of facts is not in the record.   There was no bill of exceptions reserved to the ruling of the court refusing a continuance. That matter can not be revised.

Another ground of the motion is, that the court erred in permitting the defendant's wife to sit in the court room in front of and facing the daughter of the defendant while testifying.   She was the prosecuting witness.   It is urged these actions and conduct of his wife greatly influenced and probably controlled the testimony of the prosecuting witness, appellant's claim being that the prosecuting witness was persuaded to testify against the defendant by undue influence of her mother, wife of defendant.   There is no bill of exception verifying this matter, therefore we are unable to revise it.

Nor is there any reviewable matter presented by the allegation that appellant had discovered evidence since the trial that was unknown to him prior to the trial.   There is in the record the affidavit of a party named Delee, which sets out that as an officer he had looked into the matter and that appellant had been arrested for an assault upon his wife, which offense he had occasion to investigate, and found no truth in the accusation, and, of course, appellant was subsequently ac-

quitted. At a later date this affiant testifies that he remembered appellant's arrest upon a charge made by his wife of assault with intent to rape, and that he also had occasion, as deputy sheriff, to investigate that matter, and found that it was a conspiracy on the part of the wife and others, and that there was no merit in the case, and that the wife had made numerous threats against her husband to send him to the penitentiary, and that on this particular occasion she thought she had him where he could not escape, which facts this affiant says he reported to his superior officers, and he also swears that subsequent to this latter arrest appellant's wife was living with another man; that he did not report these matters until after the defendant was convicted of this offense. In fact, he says he was not aware of the fact that the grand jury ever indicted the defendant. In the absence of the statement of facts, this would present no legal reason for granting a motion for new trial or reversing the judgment. Appellant may have known all these matters in advance. It may be stated also that some of those matters might have been inadmissible, as they were but conclusions of the party making the affidavit.

The judgment is affirmed.

*Affirmed.*